**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Michelle Holman Kerin
Assistant U.S. Attorney
Michelle.Kerin@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 18, 2019

**VIA EMAIL**
James O'Rourke
Adam Dean

Re: *United States v. Gina Chiles*
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the Information charging Wire Fraud in violation of Title 18, United States Code, Section 1343. Defendant agrees to waive her right of presentation of these charges to the grand jury. Defendant will execute and submit all appropriate pleadings to the court memorializing her waiver of this right.

3. **Penalties**: The maximum sentence for Wire Fraud, is 20 years' imprisonment, a fine of up to $ 250,000, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay a $100 fee assessment by the time of entry of guilty plea or explain to the court why it cannot be done.

4. **No Prosecution**: The USAO further agrees not to bring additional charges against Defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis:** The parties agree that in order for Defendant to be found guilty the government must prove the following elements beyond a reasonable doubt:

(1) During the time period alleged in the Information, Defendant knowingly devised a material scheme or plan to obtain money or property by false promises, pretenses, representations, or omissions of material fact;

  (2) Defendant knew the promises, pretenses, representations, or omissions of material fact were false or misleading;

  (3) promises, pretenses, representations, or omissions were material in that they would reasonably influence a person to part with money or property;

  (4) Defendant acted with intent to defraud; and

  (5) Defendant used or caused the use of interstate wire communication to carry out or attempt to carry out the material scheme to defraud.

Defendant admits the elements of the offense alleged in the Information and that the government could prove the following beyond a reasonable doubt at trial:

Beginning approximately 2014 through 2018, defendant owned and operated a property management business in the District of Oregon called Inspire Vision Property Management. Among other things, several of defendant's clients deposited funds in bank accounts to which Defendant had access. Defendant promised her clients that she would use those funds to pay bills and oversee renovation and management of commercial property. From 2014 through 2018, Defendant diverted client funds for her personal use and did not use the funds as promised. Over the course of Defendant's scheme, she stole approximately $1 million.

On or about May 4, 2018, for the purpose of executing and attempting to execute the scheme and artifice to defraud, Defendant did knowingly cause to be transmitted in interstate commerce the following transfer via wire:

| Description of wire | From | To |
| --- | --- | --- |
| Wire transfer of $50,080.00 | Harrison Court - Key Bank ***4572 (Washington) | IVPM - Key Bank ****4465 (Oregon) |

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The government believes Defendant's advisory guideline calculation is as follows:

  Base Offense Level [U.S.S.G. § 2B1.1(a)(1)] ............................................................7
  Loss of Between $550,000 and $1,500,000 [U.S.S.G. § 2B1.1(b)(1)(J)] ................14
  **Offense Level** ................................................................ ........................................**21**

Defendant may take any position regarding the Defendant's advisory guideline calculation.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If Defendant does so, the USAO will recommend a three-level reduction in Defendant's offense level (two levels if Defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if Defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.  **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as Defendant demonstrates an acceptance of responsibility as explained above. Defendant may argue for any lawful sentence.

10. **Additional Departures, Adjustments, or Variances**: The USAO will seek a two (2) level downward variance pursuant to 18 U.S.C. §3553(a) and an additional downward departure pursuant to the letter dated November 20, 2019. The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should Defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of Defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to Defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but Defendant may not withdraw any guilty plea.

If Defendant believes that the government has breached the plea agreement, she must raise any such claim before the district court, either prior to or at sentencing. If Defendant fails to raise a breach claim in district court, she has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution:** Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant. Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the U.S. Attorney's office, on the issue of Defendant's financial disclosures and assets

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

**Restitution**

Defendant understands and agrees that the total amount of any monetary judgment that the court orders Defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, Defendant may be

resentenced to any sentence which might have originally been imposed if the court determines that Defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, Defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613 and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset Defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F) Defendant understands and agrees that until a fine or restitution order is paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), Defendant shall notify the court and the U.S. Attorney's Office immediately of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees and understands that restitution may be as high as $1,200,000.

16. **Forfeiture Terms**:

    A. **Assets and Authority**: By signing this agreement, Defendant knowingly and voluntarily forfeits all right, title, and interest in an amount to be determined by the court pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, which Defendant admits represents proceeds he personally obtained, directly or indirectly, as a result of Defendant's criminal activity set forth in Count 1 of the Information.

    B. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of Defendant's sentence.

17. **Tax Compliance**: Defendant agrees to a special condition of probation or supervised release, requiring him to file tax returns, as required, and to pay all taxes due and owing.

18. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If Defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted by January 3, 2019 at 5:00 p.m. Acceptance means the Defendant has signed this agreement and returned it to the USAO.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

/s/ Michelle Holman Kerin
Michelle Holman Kerin
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12-31-2019
Date

Gina Chiles

I represent the Defendant as legal counsel. I have carefully reviewed every part of this agreement with Defendant. To my knowledge, Defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1-7-19
Date

James O'Rourke